NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL EDWARD AGUILAR, | No. 21-16789 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-00009-JGZ-PSOT |
| v. | |
| GENE COCA, Correctional Officer IV at ASPC - Safford/Tonto Unit; ROXANNE HILL, Deputy Warden at ASPC - Safford/Tonto Unit; VANCE LARKIN, Captain, ASPC - Safford; MICHAEL ENNIS, Captain, ASPC Safford; STACI IBARRA; KIMBERLY CURRIER, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted February 14, 2023**

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Arizona state prisoner Michael Edward Aguilar appeals pro se from the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a retaliation claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Aguilar's action because Aguilar failed to allege facts sufficient to show that defendant Coca acted with a retaliatory motive. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (the timing of adverse actions alone is insufficient to establish retaliatory motive).

The district court did not abuse its discretion by dismissing Aguilar's third amended complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**